UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES DAVIS                     :
                                :
v.                              :    C.A. No. 19-00146-WES
                                :
MAUREEN DROHAN, et. al.         :

**REPORT AND RECOMMENDATION FOR
SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (ECF Doc. No. 2) pursuant to 28 U.S.C. § 1915. On March 25, 2019, Plaintiff filed this pro se "Habeas Corpus Case" seeking to command the Rhode Island Department of Children, Youth and Families ("DCYF") to "present the body of the minor child" who is the subject of a child custody dispute between Plaintiff and Co-defendant Maureen Drohan. Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (ECF Doc. No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review the Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity. 28 U.S.C. § 1915(e)(2)(B). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

**Discussion**

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in his favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Plaintiff initially filed this pro se habeas corpus action in the Northern District of Georgia. That Court summarily dismissed the action noting that it "lacks jurisdiction to issue a writ of habeas corpus to the Rhode Island [DCYF]." Davis v. Drohan, C.A. No. 18-5550 (N.D. Ga.) (ECF Doc. No. 4 at p. 1). Plaintiff subsequently filed this action, along with a related action, both of

which stem from a dispute concerning a custody order issued by the State of Georgia for Plaintiff's minor son. Although Plaintiff has now filed suit in the appropriate venue, the relief he seeks from the Court is simply not available in any federal court. Plaintiff seeks to have this Court intervene in his ongoing custody dispute and proposes the use of federal habeas corpus as a tool with which to resolve that dispute. In accord with longstanding caselaw, "in suits between private parties…federal habeas corpus is not an available remedy where the object of the suit is to determine child custody." Doe v. Doe, 660 F.2d 101, 105 (4th Cir. 1981). Accordingly, Plaintiff's proposed Complaint fails to state a claim for relief, and I recommend that it be dismissed.

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (ECF Doc. No. 2) is GRANTED. However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B), I further recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 5, 2019